IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **FREDERICK KITCHER,** | \* |
| Appellant, | \* |
| v. | \* Civil No. **20-832 PJM** |
| **WILMINGTON TRUST, NATIONAL ASSOCIATION** *et al.*, | \* |
| Appellees. | \* |

## MEMORANDUM OPINION

Debtors-Appellants Frederick and Dora Kitcher[1] are the fee simple owners of property in Boyds, Maryland, which Trustee-Appellees Wilmington Trust, National Association (solely as trustee for MFRA Trust 2015-1) and Rebecca Herr seek to foreclose. This appeal, the latest in a succession of bankruptcy filings by Appellants, challenges an order of the U.S. Bankruptcy Court for this District granting Appellees an equitable servitude on the property and *in rem* relief from any future automatic stay of the foreclosure proceedings. For the reasons given below, the Court **AFFIRMS** the Bankruptcy Court's order and **DISMISSES** the appeal.

### I.

Appellants' property is encumbered by a loan originally provided by World Savings Bank, in the principal amount of $664,000, evidenced by a promissory note and recorded deed of trust, both dated February 10, 2006, and recorded in Montgomery County land records on April 11, 2006. In May 2014, Wells Fargo Bank, N.A., World Savings Bank's successor in interest on the loan, agreed to modify the loan with respect to the remaining principal balance of $636,921.19.

---

[1] Although Frederick Kitcher is the only Debtor-Appellant named on the docket in this case, both the Kitchers and Appellees treat Frederick and Dora Kitcher together as *de facto* Appellants, and the Court will do so as well.

*See* Modification Agreement at 1, ECF No. 7-3. However, Appellants soon failed to make the payments required under the Modification Agreement, and on April 11, 2016, Wells Fargo initiated a foreclosure action in the Circuit Court for Montgomery County.

Appellants jointly filed for bankruptcy in December 2016, resulting in an automatic stay of the foreclosure proceedings. That first bankruptcy case was promptly dismissed, but Appellants thereafter filed successive bankruptcy claims, all of which were also dismissed. In total, prior to the present case, Appellants had filed four unsuccessful bankruptcy claims in approximately four years—clearly for the purpose of and with the effect of delaying foreclosure.

On January 4, 2020, Appellants filed the bankruptcy claim from which this appeal arises. At the conclusion of a hearing on March 2, 2020, the Bankruptcy Court granted Appellees' (then-Movants') request to impose an equitable servitude against Appellants' property, having "determined that the pattern of bankruptcy filings by [Appellants] evidenced a clear effort to thwart Movant's attempts to enforce its rights under the loan documents between the parties." Bankr. Ct. Order at 2, ECF No. 2-25. One week later, Appellant Dora Kitcher filed yet another bankruptcy case—the sixth such case initiated by Appellants since 2016,[2] which in the Bankruptcy Court's view demonstrated a "pattern of abusive bankruptcy filings designed to delay and hinder [Appellees] from exercising [their] rights to the Property." *Id.* On March 18, 2020, the Bankruptcy Court in this case therefore granted Appellees *in rem* relief from an automatic stay on the property "in the event of a future [bankruptcy] filing" by Appellants. *Id.*

On March 27, 2020, Appellants filed the present appeal. After the parties' briefs were filed but before oral argument was held, Appellants' attorney, Kosmas Johns, moved to withdraw as

---

[2] That sixth bankruptcy case led the acting U.S. trustee for Region 4 to file a motion to dismiss the petition with prejudice on April 1, 2020, which was granted by the Bankruptcy Court that same day. Appellees' Br. at 10.

counsel because an order from the U.S. Bankruptcy Court for the District of Maryland, in an unrelated case, required him to withdraw from all bankruptcy cases in this District. *See* Consent Order at 4, *In re Sunny Gogna*, No. 20-12636 (Bankr. D. Md. Oct. 9, 2020), ECF No. 129. This Court granted Mr. Johns's motion to withdraw and rescheduled oral argument in order to provide Appellants the opportunity to obtain new counsel. Since Appellants declined to obtain new counsel, the Court cancelled oral argument and now rules on the papers.

## II.

A U.S. district court has jurisdiction to review final decisions of a U.S. bankruptcy court under 28 U.S.C. § 158(a). The district court reviews the bankruptcy court's conclusions of law *de novo* and findings of fact for clear error. *In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005).[3]

In support of this appeal, Appellants first argue that Appellees are not entitled to foreclose on the property because the promissory note underlying the deed of trust was not explicitly assigned to Wilmington. Appellees counter that they are in physical possession of the promissory note, which signifies a valid "in blank" assignment, giving them the right of enforcement under relevant Maryland law, a right that has been recognized by both the Bankruptcy Court and the Circuit Court for Montgomery County. *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Brock*, 430 Md. 714, 729–30 (2013) ("[T]he person in possession of a note, either specially indorsed to that person or indorsed in blank, is a holder entitled generally to enforce that note." (footnote omitted) (citing Md. Code Ann., Com. Law § 3-205)); *see also* Bankr. Ct. Order at 2 (referring to "Movant's

---

[3] Appellees advance various arguments for dismissing the appeal on discretionary procedural grounds, including the untimely filing of Appellants' opening brief and their failure to attach certain portions of the record, which the Court need not address in detail, since Appellees so plainly prevail on the merits. For the same reason, the Court declines to resolve the case on any of the claim-preclusion grounds asserted by Appellees.

3

attempts to *enforce its rights* under the loan documents between the parties" (emphasis added)). This Court finds no error, much less reversible error, in the Bankruptcy Court's finding that Appellees have enforcement rights under the promissory note.

Appellants next argue, in summary fashion and based on inapposite case law, that the 2014 Modification Agreement merged the underlying instruments and became the governing document, and, because the Agreement was not properly certified or recorded, the lien was thereby extinguished. There is absolutely no evidence that the Modification Agreement resulted in any such merger, and by its own terms the Agreement did not affect the validity of the lien imposed by the promissory note and deed of trust.[4] Modification Agreement at 1 ("Borrower agrees that, except as expressly modified in this Agreement, the Note and the Security Instrument remain in full force and effect and are valid, binding obligations upon Borrower, except as discharged in Bankruptcy, and are properly secured by the property."). Further, under Maryland law, any modification to a deed of trust or to an obligation secured thereby "does not extinguish the existing lien" nor "otherwise adversely affect the existing lien priority," except where the modification "increases the principal sum secured" by the deed of trust. Md. Code Ann., Real Prop. § 7-111. The Modification Agreement here shows a principal amount lower than the principal sum owed on the original deed of trust ($636,921.19, compared with the original sum of $664,000), so the Agreement did not affect the validity or priority of the lien.

Accordingly, the Court concludes that Appellants' arguments unavailing. The Bankruptcy Court's order is **AFFIRMED**.

---

[4] The Court notes that, even if this argument were meritorious, the doctrine of res judicata would quite likely bar Appellants from prevailing on this ground, as they apparently failed to raise any such argument in the original foreclosure proceeding in the Circuit Court for Montgomery County. *See* Br. of Appellees at 17–21.

4

**III.**

Appellees request attorneys' fees from Appellants' counsel under 18 U.S.C. § 1927, for the "unreasonable and vexatious" nature of these proceedings. Section 1927 provides that an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Before imposing fees under this section, the court must make a finding of subjective bad faith. *Blair v. Shenandoah Women's Ctr., Inc.*, 757 F.2d 1435, 1438 (4th Cir. 1985). Although there appears to be an inexcusable pattern of vexatious litigation by Mr. Johns in the course of the related proceedings, the Court does not find such sanctions appropriate here, given the severity of Mr. Johns's departure from the Bankruptcy Court (as a result of sanctions in a different bankruptcy proceeding). Therefore, the Court **DENIES** the request for attorneys' fees.

**IV.**

In sum, the Court **AFFIRMS** the order of the Bankruptcy Court and **DENIES** Appellees' request for attorneys' fees.[5] A separate order will issue.

March 9, 2021

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[5] Appellees have only sought attorneys' fees against Mr. Johns under 28 U.S.C. § 1927, which applies only to counsel. However, insofar as Appellants may continue to follow their pattern of abusive behavior, together or separately, with or without legal counsel, Appellees may wish to seek attorneys' fees against Appellants under Federal Rule of Civil Procedure 11.